United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Security National Insurance Company, Plaintiff, <br><br> v. <br><br> The City of Miami Beach and others, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 22-22357-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### **Order**

This matter is before the Court on the Defendant City of Miami Beach's (the "City") motion for leave to file amended answer, affirmative defenses, and counterclaim. ("Mot.," ECF No. 42.) The Plaintiff, Security National Insurance Company (SNIC), responded ("Resp.," ECF No. 56), and the City replied (ECF No. 57). After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** the City's motion for leave to amend its counterclaim. (**ECF No. 42**.)

The Court previously dismissed counts one, three, and six of the City's counterclaim against SNIC for failure to state a claim upon which relief may be granted. (Order, ECF No. 40.) The City's counterclaims sought to require SNIC to defend the City in an underlying state-court action (the "Underlying Lawsuit") brought against the City and A&A Drainage, Inc. ("A&A") by Monica O'Chaney for damages related to Ms. O'Chaney's falling into a manhole. (*Id.* at 1-2.) SNIC insured A&A, the City's contractor for the work being performed on the manhole. (*Id.*) The City's claims against SNIC depended on terms of the insurance contract between SNIC and A&A, under which the City sought status as an additional insured. (*Id.*) The Court ultimately dismissed the City's claims because the Court found that (1) the terms of the insurance policy would only grant the City additional insured status if the City was subject to a claim for vicarious liability in the Underlying Lawsuit, and (2) the City was subject only to a claim for direct liability in the Underlying Lawsuit, not vicarious liability. (*Id.* at 10.)

The City bases its motion for leave to amend on a new amendment to the complaint by Ms. O'Chaney in the Underlying Lawsuit. In her second amended complaint, Ms. O'Chaney amends her single count of negligence against the City to include an allegation stating that the City "was actively and directly negligent and/or is vicariously responsible for the active and direct negligence of the co-Defendant, A & A DRAINAGE, INC., and its employees/agents." (Mot. Ex. B, Second Am. Compl., ¶ 14, ECF No. 42-2.) The City asserts that this allegation raises the potential for vicarious liability on the part of the City, and therefore the

Court should allow the City to amend its counterclaim to again assert its claims against SNIC seeking defense of the Underlying Lawsuit based on the terms of A&A's insurance policy. (Mot. ¶ 14.) SNIC opposes the motion for several reasons, including that the City's proposed amendment would be futile. (Resp. at 2-3.)[1]

SNIC is correct that the proposed amendment would be futile. The problem for the City is that, as the Court observed in its order denying the City's motion for judgment on the pleadings, Florida law plainly and clearly requires claims for vicarious liability to be asserted as independent counts in complaints. (Order at 10); *see also Amerisure Ins. Co. v. Seneca Specialty Ins. Co.*, No. 20-20442-CIV, 2020 WL 3317035, at *5 (S.D. Fla. June 18, 2020) (Moreno, J.) ("Florida law is clear: 'to pursue a vicarious liability claim, the claimant must specifically plead it as a separate cause of action.'") (quoting *Gen. Asphalt Co. v. Bob's Barricades, Inc.*, 22 So. 3d 697, 299 (Fla. 3d DCA 2009)). The underlying second amended complaint's single reference to the possibility of the City's vicarious liability, contained within a count that pleads the City's direct negligence, fails to state a claim for vicarious liability. *Gen. Asphalt Co.*, 22 So. 3d at 299. The underlying second amended complaint thus still fails to present an obligation for SNIC to defend the City. (Order at 10.) As such, the City's proposed amended counterclaim is futile, and the Court need not grant leave to amend. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (observing that "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (cleaned up).

Additionally, the Court will briefly address its directive to the parties to submit additional briefing regarding whether the Court should enter judgment on the pleadings in favor of SNIC on SNIC's complaint. (Order at 13.) Because Defendant O'Chaney has pleaded counterclaims against SNIC and to which SNIC has not yet responded (ECF No. 53), the pleadings between SNIC and other parties remain open. Therefore, the Court may not grant judgment on the pleadings on SNIC's complaint at this time. *See Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014).

For the reasons stated above, the Court **denies** the City's motion for leave to amend. (**ECF No. 42**.)

**Done and ordered** in Miami, Florida, on December 20, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] In light of the proposed amendment's futility, the Court declines to address the remainder of the parties' arguments for and against the proposed amendments.