United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Security National Insurance Company, Plaintiff, <br><br> v. <br><br> The City of Miami Beach and others, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 22-22357-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Order

This matter is before the Court on the Defendant City of Miami Beach's (the "City") second motion for leave to file amended answer, affirmative defenses, and counterclaim. ("Second Mot.," ECF No. 68.) The Plaintiff, Security National Insurance Company ("SNIC"), responded ("Resp.," ECF No. 71), and the City replied (ECF No. 72). After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the City's motion for leave to amend its counterclaim. (**ECF No. 68**.)

The Court previously dismissed counts one, three, and six of the City's counterclaim against SNIC for failure to state a claim upon which relief may be granted. (Omn. Order, ECF No. 40.) The City's counterclaims sought to require SNIC to defend the City in an underlying state-court action (the "Underlying Lawsuit") brought against the City and A&A Drainage, Inc. ("A&A") by Monica O'Chaney for damages related to Ms. O'Chaney's falling into a manhole. (*Id.* at 1-2.) SNIC insured A&A, the City's contractor for the work being performed on the manhole. (*Id.*) The City's claims against SNIC depended on terms of the insurance contract between SNIC and A&A, under which the City sought status as an additional insured. (*Id.*) The Court ultimately dismissed the City's claims because the Court found that (1) the terms of the insurance policy would only grant the City additional insured status if the City was subject to a claim for vicarious liability in the Underlying Lawsuit, and (2) the City was subject only to a claim for direct liability in the Underlying Lawsuit, not vicarious liability. (*Id.* at 10.)

The City later moved to amend its counterclaim based on Ms. O'Chaney's amended Underlying Complaint. (First Mot., ECF No. 42.) The Court denied the first motion to amend because, at the time, the controlling Underlying Complaint did not contain a separate claim for vicarious liability. (Order Denying First Mot., ECF No. 58.) Accordingly, under Florida law, the controlling Underlying Complaint at the time did nothing to alter the facts supporting the Court's reasoning in its original order. (*Id.*)

Now, the City again moves to amend its counterclaim, based this time on a fourth amended Underlying Complaint, in which Ms. O'Chaney pleads a claim for direct negligence and a claim for vicarious liability against the City. (Second Mot. ¶¶ 18-19.) SNIC again opposes the motion, arguing that the City's efforts to amend its counterclaim are made in bad faith, are futile, and are unduly delayed. (Resp. at 2.)

SNIC's arguments are premised on the theory that the City and O'Chaney are working in concert to "plead into coverage," and therefore the City should be denied an opportunity to amend its pleadings here, when the Court has previously dismissed the City's counterclaim against SNIC with prejudice. (*Id.*) SNIC's position is not adequately supported, however. SNIC is only able to support this argument with conjecture—because Ms. O'Chaney has attempted to amend her complaint in state court multiple times, and because the City has not opposed her attempts to amend, SNIC asserts that Ms. O'Chaney and the City must be working in concert to force SNIC to provide coverage where none would otherwise exist. (*Id.*)

This is not the only plausible explanation for the series of events that have occurred. Indeed, as the City states in its reply, the City is not the plaintiff in the underlying state-court action—Ms. O'Chaney is. (Reply at 9-10.) The plaintiff controls her own case, and without more from SNIC, the Court is not willing to impute Ms. O'Chaney's litigation strategy as the state-court plaintiff to the City, one of the state-court Defendants. Accordingly, the Court cannot find that the second motion to amend is made in bad faith or is an attempt by the City to plead into coverage. Nor can the Court find that the City has not acted diligently in moving to amend, despite the expiration of the deadline to amend the pleadings. *See, e.g., Havana Docks Corp. v. Royal Caribbean Cruises, Ltd.*, No. 19-23590-CIV, 2020 WL 1905219, at *14 (S.D. Fla. Apr. 17, 2020) (Bloom, J.) (holding that the plaintiff's request for leave to amend its pleadings, after the scheduling order's deadline to amend had passed, was supported by good cause where a court ruling necessitated amendment, and the movant promptly acted on that ruling).

Finally, the Court observes that it cannot, at this stage, find the City's proposed amended counterclaim to be futile. Unlike the prior proposed amended counterclaim that the Court rejected as futile, the present version is now based on an Underlying Complaint that meets the simple and clear requirement of Florida law that claims for vicarious liability must be pleaded separately from direct negligence claims. (Second Mot. ¶¶ 18-19; Ex. A, ECF No. 68-1); *Amerisure Ins. Co. v. Seneca Specialty Ins. Co.*, No. 20-20442-CIV, 2020 WL 3317035, at *5 (S.D. Fla. June 18, 2020) (Moreno, J.) ("Florida law is clear: 'to pursue a vicarious liability claim, the claimant must specifically plead it as a separate cause of action.'") (quoting *Gen. Asphalt Co. v. Bob's Barricades, Inc.*, 22 So. 3d 697, 299 (Fla. 3d DCA 2009)). Accordingly, the proposed amended counterclaim is no

longer "clearly insufficient." *Van Cleve v. Ross*, No. 20-23611-CIV, 2020 WL 13413755, at *1 (S.D. Fla. Dec. 28, 2020) ("Leave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face.") (cleaned up). The Court need dig no deeper than that to approve amendment.

For the reasons stated above, the Court **grants** the City's second motion for leave to amend. (**ECF No. 68**.) The City shall separately file its amended answer, affirmative defenses, and counterclaim (ECF No. 68-1) as a separate docket entry consistent with Federal Rule of Civil Procedure 15 and Local Rule 15.1, the Plaintiffs no later than **February 8, 2023**.

**Done and ordered** in Miami, Florida, on February 3, 2023.

_____
Robert N. Scola, Jr.
United States District Judge