United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Security National Insurance Company, Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 22-22357-Civ-Scola ) |
| The City of Miami Beach, and others, Defendants. | ) ) ) |

### Order

This matter is before the Court on the Plaintiff, Security National Insurance Company's ("SNIC"), motion to dismiss Defendant Monica O'Chaney's amended counterclaim. (Mot., ECF No. 69.) Ms. O'Chaney has responded. (Resp., ECF No. 74.) SNIC has replied. (Reply, ECF No. 77.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** SNIC's motion to dismiss. (**ECF No. 69**.)

### 1. Background

This case centers around an insurance dispute between SNIC and Defendants the City of Miami Beach (the "City"), A&A Drainage, Inc. ("A&A"), and Ms. O'Chaney relating to an underlying personal injury lawsuit in Florida state court. (Compl., ECF No. 1, ¶¶ 1, 8-13, 26-28.) The insurance dispute arose when Ms. O'Chaney brought a negligence action in state court against A&A and the City relating to injuries she suffered after falling into a storm drain on a Miami Beach sidewalk. (Compl. ¶ 9.) SNIC, A&A's insurer, filed this diversity action in federal court seeking a declaration of its rights relating to the state-court action. (*Id.* ¶¶ 1-2.)

Ms. O'Chaney now brings a counterclaim against SNIC, seeking a declaratory judgment holding that Defendant A&A's insurance policy provides coverage for the City with regards to her claim against the City in state court. (Am. Countercl. ¶¶ 16-18, ECF No. 65.) Ms. O'Chaney claims that she is a third-party beneficiary of A&A's insurance policy, and the policy requires SNIC to indemnify A&A or the City for Ms. O'Chaney's damages. (*Id.* ¶ 17.)

SNIC moves to dismiss the counterclaim, arguing that Ms. O'Chaney lacks standing to bring claims under A&A's policy because she is not an insured under the policy and therefore may not bring a claim for declaratory judgment under Florida law until the state-court action is resolved and she has a judgment against A&A or the City. (Mot. at 10-11.) SNIC also argues that Ms. O'Chaney has failed to state a claim upon which relief may be granted because her state-court

complaint fails to allege a claim for vicarious liability against the City. (*Id.* at 11-14.) Finally, SNIC argues the amended counterclaim should be dismissed because Ms. O'Chaney has repeatedly amended her state-court complaint in an impermissible effort to "plead into coverage." (*Id.* at 14-16.)

In response, Ms. O'Chaney argues that she has standing because SNIC has brought her into this suit and her counterclaim is compulsory. (Resp. ¶¶ 7-13.) She also argues that she has sufficiently pleaded her state-court vicarious liability claim (*id.* ¶¶ 14-15) and that her amendments to her state-court pleadings have not been improper (*id.* ¶¶ 16-18.)

### 2. Legal Standards

A challenge to a plaintiff's standing to bring a lawsuit is analyzed under Federal Rule 12(b)(1). *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, No. 20-24077-Civ, 2021 WL 358670, at *1 (S.D. Fla. Feb. 1, 2021) (Altonga, J.). As standing is jurisdictional, it has the same effect as a dismissal for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1). *Id.* (discussing *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1244, 1251 (11th Cir. 2008)). A motion to dismiss pursuant to Rule 12(b)(1) may be based on either a facial or factual attack to the complaint. *Id.* A facial attack asks whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction whereas a factual attack requires the Court to consider matters outside the pleadings such as testimony and affidavits. *Id.*

In order to prove standing, a plaintiff must allege he has suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish injury in fact, a plaintiff must show that he suffered an invasion of a legally protected interest that is concrete and particularized and actual and imminent, not conjectural or hypothetical. *Id.* at 1548. For an injury to be particularized, it must impact the plaintiff in a personal and individual way. *Id.* For the injury to be concrete, it must be real and not abstract. *Id.* at 1548-49

### 3. Analysis

Ms. O'Chaney fails to demonstrate that she has standing to bring a counterclaim against SNIC based on A&A's insurance policy, so the Court must dismiss her amended counterclaim.[1] Under Florida law, which the Court applies in this diversity action, Ms. O'Chaney must have a settlement with or a verdict

---

[1] Because the Court finds Ms. O'Chaney lacks standing to bring her claims, the Court declines to address SNIC's other arguments for dismissal.

against either A&A or the City[2] before she can attempt to enforce the terms of A&A's policy against SNIC. *Colony Ins. Co. v. Total Contr. Roofing, Inc.*, No. 10-23091-CIV, 2010 U.S. Dist. Lexis 129497, at *4 (S.D. Fla. Dec. 7, 2010) (Seitz, J.).

Florida law clearly states that a third party to an insurance contract may not sue an insurer based on the insured's alleged liability to the third party until the third party has a judgment against or a settlement with the insured:

> 627.4136. Nonjoinder of Insurers
>
> (1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
>
> (2) . . . No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

Fla. Stat. 627.4136 (2022). Florida courts hold that this statute bars third-party claims against insurers until the third party obtains a settlement with or judgment against the insured. *See, e.g., Int'l Special Events & Recr. Assoc., Inc. v. Bellina*, 219 So. 3d 138, 139 (Fla. 5th DCA 2017). This rule applies even in the context of compulsory counterclaims under Federal Rule of Civil Procedure 13(a)(1)(A). *Colony Ins.*, 2021 U.S. Dist. Lexis 129497, at *4 (finding that the defendant, a third-party to an insurance contract, lacked standing to sue before obtaining a settlement or verdict against the insured because, under the Florida statute, the plaintiffs "did not have a claim against [the insurer] at the time they served their answer – their declaratory judgment claims were premature in the absence of a settlement or judgment against [the insured].").

Ms. O'Chaney does not, according to her own allegations, have a judgment against A&A or the City. (*See generally* Am. Countercl.). Nor does she have a settlement with either party. (*See generally id.*) Accordingly, under Florida Statute 627.4136, she currently does not have standing to bring a claim against SNIC based on A&A's insurance policy. *Colony Ins.*, 2021 U.S. Dist. Lexis 129497, at *4. Therefore, the Court must dismiss her amended counterclaim.

---

[2] Assuming, of course, that the City qualifies as an additional insured under the terms of A&A's policy with SNIC, which the Court has not definitively decided. (*See* Order Granting Mot. to Dismiss, at 8 n.3, ECF No. 40.)

### 4. Conclusion

For the reasons stated above, the Court **grants** SNIC's motion to dismiss (**ECF No. 69**) and **dismisses** Defendant O'Chaney's amended counterclaim SNIC **without prejudice**.

**Done and ordered** in Miami, Florida, on March 14, 2023.

_____
Robert N. Scola, Jr.
United States District Judge