United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Security National Insurance Company, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 22-22357-Civ-Scola ) |
| The City of Miami Beach and others, Defendants. | ) ) |

**Order Denying Motion to Dismiss**

This matter is before the Court on Plaintiff Security National Insurance Company's ("SNIC") motion to dismiss the amended counterclaim filed by the Defendant City of Miami Beach (the "City"). (Mot. to Dismiss Am. Countercl., ECF No. 83.) The City has responded (ECF No. 89), and SNIC timely replied (ECF No. 92.) Having reviewed the briefing, the record, and the relevant legal authorities, the Court **denies** SNIC's motion to dismiss and **stays** all proceedings in this matter relating to indemnification. (**ECF No. 83**.)

**1. Background**

This case centers around an insurance dispute between SNIC, the City, and Defendant A&A Drainage, Inc. ("A&A," a contractor for the City) relating to an underlying personal injury lawsuit in Florida state court. (Compl., ECF No. 1, ¶¶ 1, 8-13, 26-28.) The insurance dispute arose when Defendant Monica O'Chaney brought a negligence action in state court against A&A and the City relating to injuries she suffered after falling into a storm drain on a Miami Beach sidewalk (the "Underlying Action"). (Compl. ¶ 9.) The Court need not recount every detail behind this action here, having previously done so. (*See, e.g.,* Omn. Order at 1-3, ECF No. 40.)

More relevant to SNIC's motion to dismiss is the procedural path this matter has taken since it was filed. SNIC filed this action against the City, as well as A&A and O'Chaney, seeking four counts of declaratory relief relating to whether it has a duty to defend and indemnify the City under A&A's insurance policy with SNIC (the "Policy," which SNIC attached to its complaint as Exhibit "B"). (Compl. ¶¶ 33-72; Compl. Ex. B, ECF No. 1-6.)

In response, the City counterclaimed against SNIC and crossclaimed against A&A, bringing claims for declaratory judgment and breach of contract relating to SNIC and A&A's alleged duty to defend and indemnify the City under the terms of the Policy. (Countercl. ¶¶ 37-83, ECF No. 13.) SNIC moved

to dismiss the City's counterclaim, arguing that the Underlying Action did not allege a claim of vicarious liability, so the Policy's "Additional Insured" provision was not triggered under Florida law (among other arguments). (SNIC Mot. to Dismiss Countercl., ECF No. 27.) The Court granted that motion, finding that the terms of the Policy were not triggered by the complaint in the underlying action because Ms. O'Chaney did not allege a claim for vicarious liability. (Omn. Order at 10-11.) A&A, meanwhile, moved to dismiss the City's crossclaim, arguing that the City's claims for declaratory judgment could not be pleaded alongside its claims for breach of contract. (A&A Mot. to Dismiss Crosscl., ECF No. 26.) The Court denied A&A's motion, finding that the City's claims for declaratory judgment could be pleaded alongside its claims for breach of contract, both as alternative pleadings and because the declaratory judgment claim sought "forward-looking relief" while the breach of contract claim sought "backwards-looking relief." (Omn. Order at 12-13.)

After significant motion practice and multiple amendments to the pleadings in the Underlying Action, the Court finally allowed the City to amend its counterclaim against SNIC because O'Chaney had amended her state-court complaint to include a count for vicarious liability against the City. (Order Granting Leave to Am., ECF No. 75.) The City then filed its amended counterclaim, which is at issue here. In the amended counterclaim, the City brings claims for declaratory judgment (Count I) and breach of contract (Count III) against SNIC, again relating to SNIC's refusal to defend and indemnify the City in the Underlying Action under the terms of A&A's Policy. (Am. Countercl. ¶¶ 59-63, 71-81.)[1]

SNIC moves to dismiss the amended counterclaim, arguing that the City's declaratory judgment claim cannot be pleaded alongside its breach of contract claim, that both claims fail to state a claim upon which relief may be granted because the City fails to identify a specific contract provision that it alleges requires interpretation or was breached, and that the City's claims for indemnification are premature because the Underlying Action remains ongoing. (Mot. to Dismiss Am. Countercl. at 5-10.) The City responds to each argument. It states that the Court has already determined that its declaratory judgment claim may be properly pleaded alongside a breach of contract claim in its order denying A&A's motion to dismiss. (Resp. at 1-4.) It argues that it has sufficiently pleaded both claims because it identifies the contract that it alleges to have been breached, and it incorporates that contract (the Policy) by

---

[1] The City also continues to assert crossclaims for declaratory judgment, breach of contractual indemnification, common-law indemnification, and breach of contract against A&A, which are not at issue here. (*Id.* ¶¶ 59-70, 82-95.)

reference in its amended counterclaim, and SNIC attached the Policy to its complaint. (*Id.* at 4-8.) Finally, the City asserts that the Court should stay its claims as they relate to indemnification rather than dismissing them. (*Id.* at 8-9.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal punctuation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Regardless of a plaintiff's allegations, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### 3. Analysis

The Court finds the City's amended counterclaim to be sufficiently pleaded. First, the City does identify the provision of the Policy that it alleges SNIC breached and is in dispute—the "additional insured" provision, under which the City pleads it qualifies for coverage. Second, the Court has already determined that the City's declaratory judgment and breach of contract claims are properly pleaded alongside each other. Third, the Court finds that the appropriate action on the City's claims for indemnification is to stay those claims, pending the outcome of the Underlying action.

#### A. The City Sufficiently Identifies the Provision of the Policy that Is Alleged to Be in Dispute and to Have Been Breached

The weight of SNIC's motion to dismiss is focused on its argument that the City fails to identify a specific provision of the Policy that the Court must

construe to resolve the City's declaratory judgment claim, or that SNIC is alleged to have breached in the breach of contract claim. (Mot. to Dismiss Am. Countercl. at 5-8.) Curiously, in response, the City only argues that it need only identify the contract at issue (the Policy) and incorporate it by reference to avoid dismissal. (Resp. at 1-4.)

SNIC's legal argument is correct, but SNIC fails to consider the amended counterclaim in its entirety. "It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Herssein L. Grp. v. Reed Elsevier, Inc.*, 594 F. App'x 606, 608 (11th Cir. 2015). Courts in the Eleventh Circuit regularly dismiss complaints that plead claims for breach of contract but fail to identify a provision of the contract that was allegedly breached. *See, e.g., Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 17, 2014) (Williams, J.) (dismissing breach of contract claim where the plaintiff "failed to identify which specific provision of the contract was allegedly breached"); *accord St. Michaels Anglican Cath. Church of Panama City Fla. Inc. v. Church Mut. Ins. Co.*, No. 20-235-CIV, 2020 WL 9209711, at *1 (N.D. Fla. Oct. 15, 2020) (dismissing breach of contract claim where the plaintiff attached the contract at issue but "never cites any particular provision" as having been breached).

Although the City never identifies the fact in its arguments and does not specifically cite the relevant provision of the Policy in its individual claims for relief, the City does plead a specific provision of the Policy that is at issue for both claims—the "Additional Insured" provision. (Am. Countercl. ¶ 56 ("Accordingly, the Policy's 'Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required in Construction Agreement with You' Endorsement has been triggered by the Second Amended Complaint [in the Underlying Action].").

The City incorporates the Policy by reference in its amended counterclaim and identifies this specific provision as the provision at issue. *Jordan v. Miami-Dade Cnty.*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006) (King, J.) ("On a motion to dismiss, the Court may consider documents attached to the Complaint or directly referred to in the Complaint."). The provision the City references may only be the "Additional Insured" provision found at page 46 of the Policy and identified as endorsement "CG 20 33 07 04." (Compl. Ex. B at 46.)[2] And the City incorporates this factual allegation into both claims. (Am. Countercl. ¶¶ 60, 71.) The City would doubtlessly have been

---

[2] For ease of reference, the Court refers to page number 46 of 121, as stamped on Exhibit B to the Complaint (ECF No. 1-6) by CM/ECF's electronic page numbering system.

better served by expressly identifying the provision in its pleadings (or even making the argument that it sufficiently pleaded the provision in its response), but the pleadings point directly to the provision at issue nonetheless.

### B. The City's Declaratory Judgment and Breach of Contract Claims Are Not Duplicative

SNIC's argument that the City's declaratory judgment claim may not be pleaded alongside a breach of contract claim is without merit. The Court has already decided this issue in resolving A&A's motion to dismiss. (Omn. Order at 12-13.) Declaratory judgment claims may be pleaded in the alternative, and they may be properly pleaded where they seek relied unavailable in a breach of contract claim. Fed. R. Civ. P. 8(d)(2); *550 Seabreeze Dev., LLC v. Ill. Union Ins. Co.*, No. 19-24611-Civ, 2020 WL 473610, at *2 (S.D. Fla. Jan. 29, 2020) (Scola, J.) ("Declaratory judgment claims may properly coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim."). The Court found that the City's separate claims for breach of contract and declaratory judgment were properly pleaded against A&A. (Omn. Order at 12-13.) So too here, against SNIC.

### C. The City's Claims for Indemnification Should be Stayed, Not Dismissed

Finally, as the City observes, Courts routinely stay proceedings as to indemnification where claims relating to the duty to defend and the duty to indemnify are both asserted. *See, e.g., Penn/ Mfrs.' Ass'n Ins. Co. v. N. Am. Auto. Servs., Inc.*, No. 19-81248-CIV, 2020 WL 6364999, at *2 (S.D. Fla. Mar. 12, 2020) (Dimitrouleas, J.) (staying all proceedings, including discovery, relating to indemnification while underlying lawsuits were ongoing); *accord AIX Specialty Ins. Co. v. Everett*, 543 F. Supp. 3d 1321, 1333 (M.D. Fla. 2021), *aff'd,* No. 21-12386, 2022 WL 950936 (11th Cir. Mar. 30, 2022) (same). Notably, SNIC does not reply to this argument at all. (*See generally* Reply.) Accordingly, the Court finds that staying all proceedings, including discovery, that relate to indemnification (rather than the duty to defend) is the appropriate course here.

### 4. Conclusion

For the reasons stated above, the Court **denies** SNIC's motion to dismiss the City's amended counterclaim. (**ECF No. 83**.) Further, the Court **stays** all proceedings, including discovery, in this matter relating to indemnification until the conclusion of the Underlying Lawsuit. The City is **directed** to file

status reports regarding the status of the Underlying Lawsuit every **sixty days**, with the first report to be filed on **July 1, 2023**.

 **Done and ordered** in Miami, Florida, on May 2, 2023.

               _____
               Robert N. Scola, Jr.
               United States District Judge